UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

7240 SHAWNEE MISSION HOLDING, LLC,

7240 SHAWNEE MISSION HOSPITALITY, LLC,

SHAZIA MEMON,

      and

MUKHTIAR MEMON,                                    Case No. 08-2207-JWL

      Plaintiffs,

        v.

NAZIR MEMON,

PENN TITLE INSURANCE CO.,

MICHAEL C. AXELROD,

MR. TOM PETA, JR.,

MS. STACY PETA,

      and

ALLSTATES FINANCIAL OF PA, INC.,

      Defendants.

_____

**MEMORANDUM AND ORDER**

    On May 5, 2008, Plaintiffs filed a twenty-one count complaint against the above named defendants ("Defendants"). The first nine counts are against Mr. Nazir Memon,

and the remaining counts are against all Defendants. Plaintiffs' allegations include but are not limited to conspiracy, breach of contract, fraudulent misrepresentation, and unjust enrichment based on or relating to two real estate transactions. The matters currently before the court are Defendant Penn Title Insurance Company's Motion to Dismiss for Lack of Jurisdiction (doc. # 10) filed June 13, 2008, Plaintiffs' Motion for Extension of Time to Complete Limited Discovery on Discovery of Jurisdiction Questions and Proper Identification of Parties (filed in connection with their Response, doc. # 17) filed July 8, 2008, and Plaintiffs' Motion for Leave to Amend Complaint (doc. # 16) filed June 25, 2008. For the reasons explained below, the court grants Plaintiffs' Motion to Amend and Plaintiff's Motion for Jurisdictional Discovery. The court reserves its ruling on Penn Title's Motion to Dismiss until the conclusion of the discovery and the appropriate submissions are made or deadlines have passed, which are to be scheduled by the magistrate judge.

**I.     MOTION TO AMEND COMPLAINT**

Plaintiffs filed a motion for leave to amend their complaint on June 25, 2008, seeking to add two new defendants, correct the names of other defendants, and add additional allegations based on an alleged agency relationship between some defendants. Defendant Penn Title Insurance Company ("Penn Title") and proposed defendants, Penn Title, Inc. and First American Title Insurance Company filed a joint response on July 9, 2008. They argued that allowing Plaintiffs to amend their complaint would be futile because it would be subject to dismissal, so the court should not grant leave to amend. *See, e.g.*, *Grossman v. Novell, Inc.*, 230 F.3d 1112, 1126 (10th Cir. 1997). Penn Title and

the proposed defendants are incorrect, however, as they argue under the incorrect standard of Federal Rule of Civil Procedure 15(a)(2) rather than 15(a)(1)(A).

Under Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." None of the defendants filed an answer prior to Plaintiffs filing the motion for leave to amend. Penn Title Insurance Company had filed a motion to dismiss, but motions to dismiss pursuant to Fed. R. Civ. P. 12(b) are not considered responsive pleadings under Rule 15. *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985) ("Ordinarily, a motion to dismiss is not deemed a responsive pleading."); 6 WRIGHT ET AL., § 1483, at 587. Because no responsive pleading has been filed, Plaintiffs "may amend [their complaint] once as a matter of course." Fed. R. Civ. P. 15(a)(1). Plaintiffs' Motion for Leave to Amend Complaint (doc. # 16) is granted. Plaintiffs shall file the amended complaint no later than September 2, 2008.

## II.     MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) and MOTION FOR JURISDICTIONAL DISCOVERY

Defendant Penn Title moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). Plaintiffs request that this court allow them to conduct discovery limited to jurisdictional facts and whether Penn Title is a proper party to the action based on a potential merger with First American, another defendant added in the proposed amended complaint. The court grants Plaintiffs' motion for jurisdictional discovery, and it declines to issue a ruling on Penn Title's motion to dismiss at this juncture.

**A.   Summary Background**

Plaintiffs' claims arise out of essentially two alleged transactions. According to Plaintiffs' Complaint, defendant Nazir Memon (also plaintiff Ms. Shazia Memon's father) located a Holiday Inn Property at 7240 Shawnee Mission Parkway, Overland Park, Kansas ("Kansas Holiday Inn") that he indicated would be a good investment for Shazia Memon's family. Nazir Memon made various arrangements for the purchase of the hotel throughout Fall 2006 and Winter 2007. Shazia Memon attended the April 2006,[1] closing on the purchase of the Kansas Holiday Inn, which took place at the Kansas Title Insurance Corporation. She and her husband, Mukhtiar Memon, executed the necessary documents and provided their signatures for the $320,000 loan and purchase of the Kansas Holiday Inn. After the closing, Ms. Shazia Memon and Mr. Mukhtiar Memon returned to New Jersey while Nazir Memon managed the hotel. Mukhtiar Memon moved to Kansas in August 2006, and Ms. Shazia Memon moved to Kansas in July 2007.

Plaintiffs claim that a different but allegedly related transaction that took place in June 2006 was unauthorized. Plaintiffs allege that without their knowledge, authorization or approval, Mr. Nazir Memon and/or defendants Allstates, Axelrod, Stacy Peta, Tom Peta, Penn Title, First American, and First Eastern[2] used Plaintiffs' financial and real estate legal description and information for their own financial gain. Specifically, they allege that Defendants forged Shazia and Mukhtiar's signatures on loan documents, which resulted in a lien on their real property in New Jersey. The $300,000 in note

---

[1] The closing occurred either on April 20, 2006, or April 30, 2006, as Plaintiffs' Complaint states both dates, presumably one of them being a typographical error.

[2] The last two defendants are named not in the original Complaint but are added in the proposed amended complaint which this court has granted leave to file.

proceeds obtained as a result allegedly was used by Nazir Memon as part of the purchase price for a Holiday Inn in Casper, Wyoming.  In making these allegations, Plaintiffs assert that all named Defendants were involved in both the authorized April 2006 transaction and the unauthorized June 2006 transaction, and that the confidential information given for the April 2006 transaction was then used for the June 2006 mortgage and security agreement in violation of the April 2006 contract, representations, and promises that their information would be kept confidential and not used for other purposes.

### B. **Standard: Motion for Jurisdictional Discovery**

"When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Sizova v. Nat. Institute of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (discussing subject matter jurisdiction but citing to *Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir.1975), which discusses motion to dismiss for personal jurisdiction).  "[A] refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant."  *Sizova*, 282 F.3d at 1326.  "Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary."  *Id.*

### C. **Discussion**

In its motion to dismiss for lack of personal jurisdiction, Penn Title first points to the deficiencies in Plaintiffs' Complaint. Penn Title is correct that Plaintiffs make no showing that Penn Title is subject to the general jurisdiction of Kansas either in its

5

Complaint or otherwise.  Penn Title also focuses on the June 2006 transaction and the lack of connections to Kansas related to that transaction.  Most of the allegations in the Complaint, however, relate to the unauthorized use of confidential information that was given by Plaintiffs for the April 2006 transactions for the Kansas Holiday Inn.[3]  That acquisition involved Kansas real estate and a loan closing that was conducted in Kansas.

Penn Title, however, refuted by affidavit[4] any involvement with any transactions alleged in the Complaint, which includes the April 2006 transaction that relates to Kansas real estate and the closing of which took place in Kansas.  The court, therefore, takes into

---

[3] For example, in Count XI for "Breach of Contract" against all Defendants, including Penn Title, Plaintiffs allege that at the time of their discussions about and finalization of the acquisition of the Kansas Holiday Inn, Defendants "agreed to NOT use plaintiffs' confidential asset and financial information for their own borrowing needs and personal financial benefit."  (doc. # 16-2)  In other words, Plaintiffs allege that Penn Title and the other defendants breached the express and implied contracts associated with the purchase of the Kansas Holiday Inn hotel.  Plaintiffs show that the result of the breach, misrepresentation, fraudulent actions, and other claims is shown by the June 2006 loan and mortgage, but that the related assurances to not use Plaintiffs' confidential information in an unauthorized manner occurred during the April 2006 transaction.

[4] Penn Title submitted an affidavit of William Corrigan, former Senior Vice-President and General Counsel for Penn Title Insurance Company.  (doc. # 11-2) Mr. Corrigan states that Penn Title had no involvement with any transactions between Plaintiffs and the other defendants—that it did not conduct any title search, issue any policy, or conduct any real estate closing with respect to any real property located in New Jersey as described in the Complaint and that it did not have any business dealings with the other defendants as set forth in the Complaint. He explains that Penn Title Insurance Company did not write any title policies or otherwise operate as a title insurance company after January 1998.  Penn Title subsequently changed its name to PennTitle, Inc. and operated for a short time as a title agent in Pennsylvania, New Jersey, and Delaware.  PennTitle, Inc. ceased operating in April 2006 and did not conduct any closing or issue any title policies after that time.  Generally, he states that PennTitle has no contacts with or property in Kansas, and it never issued any policies or conducted any closings in Kansas.

consideration the factual averments in Penn Title's affidavit and evaluates whether Plaintiff have shown that there are "pertinent facts bearing on the question of jurisdiction [that] are controverted." *See Sizova*, 282 F.3d at 1326.

Plaintiffs submitted a few relevant exhibits that controvert some facts in the Corrigan Affidavit.[5]  First, Plaintiffs submitted the Open End Mortgage and Security Agreement from June 2006, the allegedly unauthorized transaction, which has a "Return to: PENNTITLE 1528 Walnut Street Suite 725 Philadelphia, PA 18102" stamped on Schedule C of the document.  This contradicts Mr. Corrigan's statement that Penn Title was in no way involved in any transactions discussed in the Complaint.  The court acknowledges that this exhibit alone does not give rise to a prima facie showing of Penn Title's minimum contacts with Kansas sufficient for jurisdiction.[6]  This is relevant, however, in controverting the Corrigan Affidavit, which denied that Penn Title was

---

[5] There was little information relevant to the issue of personal jurisdiction in Plaintiffs' exhibits.  Plaintiffs should be aware that in the consideration of the motion to dismiss following the conclusion of jurisdictional discovery, conclusory allegations in a pleading or a complaint are insufficient to rebut evidence submitted via affidavit by a defendant.  While it may be possible that Plaintiffs have little information available at this juncture due to the nature of the claims, it is unclear to the court why Plaintiffs did not submit, for example, an affidavit explaining Penn Title's role in the conspiracy, Penn Title's role in the April 2006 authorized transaction to which Plaintiffs were integral participants, or a copy of the agreement(s) and/or contract(s) associated with that authorized April 2006 transaction.

[6] This document relates to the June 2006 transaction and states that the mortgage is between Mukhtiar Memon and Shazia Memon of New Jersey with Michael Axelrod of New York.  The mortgaged property was located in Atlantic City, New Jersey.  The subject hotel property is located in Wyoming.

7

involved with *any* of the other defendants with regard to *any* transactions alleged in the Complaint.

Similarly, Plaintiffs submitted an email from Tom Peta as an exhibit showing that Penn Title potentially was involved in the April 2006 Kansas Holiday Inn loan transaction. In that email, addressed to Shazia Memon, Mr. Peta asserts that Shazia Memon must be confused (presumably with regards to an inquiry about the June 2006 transaction) because the "papers [she] got from Penn Title are copies of the recorded mortgage [she] made in April." (doc. 17-9) Plaintiffs also submitted in their own affidavits that Tom Peta brought loan documents to them for their signatures in connection with the Kansas Holiday Inn loan. This shows that Tom Peta was involved in and has personal knowledge of that April 2006 transaction. From his personal knowledge of the April 2006 loan transactions and the statement in his email that papers from Penn Title related to that same April transaction, it is conceivable that Penn Title was involved in the April 2006 transaction and not only the June 2006 transaction. Because the April 2006 transaction was for real property located in Kansas and for which the closing took place in Kansas, this shows that Penn Title through that April 2006 transaction may have had contacts with Kansas. Because Plaintiff's action arises out of and relates to that April 2006 transaction, it is possible that Plaintiffs will be able to set forth a basis for specific personal jurisdiction.

Additionally, the conspiracy allegation in Count X shows that there are facts controverted and more facts needed that are pertinent to the issue of personal jurisdiction. The Corrigan Affidavit denies any involvement with any of the Defendants in this case

with regard to the transactions discussed in the Complaint.  Penn Title, therefore, presumably is denying any involvement in the alleged conspiracy.  In light of Plaintiff's evidence previously discussed that indicates Penn Title was somehow involved in these transactions, however, that statement of the Corrigan Affidavit about lack of involvement is controverted.  It is possible that Penn Title was involved in the conspiracy.  This is relevant in combination with facts relating to other Defendants' (or alleged co-conspirators') contacts with Kansas.  There is information in the Complaint, not controverted by Penn Title, about other Defendants' involvement in the transactions and their contacts with Kansas.  Another defendant's contacts can be the basis for personal jurisdiction over Penn Title where its co-conspirator/co-defendant is subject to the jurisdiction of Kansas; even if Penn Title did not or does not itself have ties to Kansas, another co-conspirator's contacts with the forum, such as a loan closing in Kansas from which the confidential information allegedly was taken and unlawfully used, may be attributed to Penn Title as a co-conspirator. *Dodson Intern. Parts, Inc. v. Altendorf*, 181 F.Supp.2d 1248 (D. Kan. 2001) (citing and quoting *Glaros v. Perse*, 628 F.2d 679, 682 (1st Cir.1980) and *National Union Fire Ins. Co. of Pittsburgh v. Kozeny*, 115 F.Supp.2d 1231, 1237 (D.Colo. 2000), *aff'd*, 2001 WL 1149327, 19 Fed. Appx. 815 (10th Cir.2001)).  Therefore, the combination of these facts, some of which are controverted, are pertinent to the issue of personal jurisdiction.

The court finds that based on these exhibits and the showing of controverted facts related to jurisdiction, Plaintiffs should be allowed limited discovery regarding personal jurisdiction.  *See Sizova*, 282 F.3d at 1326; *cf., e.g.*, *First Magnus Fin. Corp. v. Star*

*Equity Funding*, L.L.C., 2007 WL 635312 (D. Kan. Feb. 27, 2007) (applying the *Sizova* standard and concluding "discovery is unwarranted because the pertinent facts bearing on the jurisdictional inquiry appear to be relatively undisputed"). Plaintiffs' claims of this court's personal jurisdiction over Penn Title are not "clearly frivolous," and they have more than a "very low probability" of affecting the outcome of the case. *See, e.g., Rich v. Kis California, Inc.*, 121 F.R.D. 254, 259 (M.D. N.C. 1988) ("When plaintiff can show that discovery is necessary in order to meet defendant's challenge to personal jurisdiction, a court should ordinarily permit discovery on that issue unless plaintiff's claim appears to be *clearly frivolous*." (emphasis added) (citing cases from the Third and Fifth Circuit); *see also and cf. Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1298-99 (10th Cir. 2004) (finding district court did not abuse its discretion in denying request for jurisdictional discovery where there was a "*very low probability*" that the denial affected the outcome of the case (emphasis added)); s*ee also generally Wilcox v. Precision Parachute Co.*, 685 F.Supp. 821 (D. Kan. 1988) (under the standard for a motion to dismiss, "[i]f affidavits [or other evidence considered] contradict each other, factual disputes are resolved in favor of plaintiff in order that the prima facie showing will withstand the movant's arguments. Plaintiff is entitled to the benefit of any factual doubts." (citing *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984)). At the least, these exhibits raise an ambiguity as to the Corrigan Affidavit denying Penn Title's involvement with any of the other Defendants and the Kansas Holiday Inn transaction as set forth in the Complaint. *Renner v. Lanard Toys, Ltd.*, 33 F.3d 277, 283 (3d Cir. 1994) (permitting jurisdictional discovery where conflicting

evidence gave rise to ambiguity of jurisdictional facts: "It is evident that the record adduced by the [plaintiffs] at this time does not alone show the type of 'purposeful availment' by Lanard in Pennsylvania that would satisfy minimum contacts.  On the other hand, the record is ambiguous."). Because "facts bearing on the question of jurisdiction are controverted [and] a more satisfactory showing of the facts is necessary," this court exercises its broad discretion to allow Plaintiffs discovery on the issue of personal jurisdiction.  *See Sizova*, 282 F.3d at 1326; *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir.1994) ("[D]iscovery rulings are within the broad discretion of the trial court."); *Renner*, 33 F.3d at 283 ("[N]umerous cases have sustained the right of plaintiffs to conduct discovery before the district court dismisses for lack of personal jurisdiction").

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint (doc. # 16) is GRANTED.  Plaintiffs shall file the amended complaint no later than September 2, 2008.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Extension of Time to Complete Limited Discovery on Jurisdiction Questions and Proper Identification of Parties (doc. # 17) is GRANTED.  This matter is referred to the magistrate judge to schedule the jurisdictional discovery and set new supplemental response and reply deadlines upon completion of that discovery.  However, in light of the currently pending Motion to Dismiss by Defendants Michael C. Axelrod, Tom Peta, Jr., Stacy Peta, Allstates Financial of PA, Inc., Nazir Memon (doc. # 21) the magistrate judge should withhold any action on scheduling the jurisdictional discovery until this court has issued

11

a ruling on that motion in order to coordinate any jurisdictional discovery that this court may deem appropriate as to other defendants.  The court reserves its ruling on Penn Title's Motion to Dismiss for Lack of Jurisdiction (doc. # 10) until after the supplemental response and reply deadlines associated with the jurisdictional discovery have passed.

**IT IS SO ORDERED**.


Dated this 26th day of August, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
