IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| 7240 SHAWNEE MISSION HOLDING, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )    Case No. 08-2207-JWL ) |
| NAZIR MEMON, et al., | ) ) ) |
| Defendants. | ) ) ) |
| _____) | |

**MEMORANDUM AND ORDER**

On May 5, 2008, plaintiffs filed a twenty-one count complaint against defendants, Nazir Memon, Penn Title Insurance Co., Michael C. Axelrod, Tom Peta, Jr., Stacy Peta, and Allstates Financial of PA, Inc. The first nine counts are against Nazir Memon, and the remaining counts are against all defendants. Plaintiffs' allegations include but are not limited to conspiracy, breach of contract, fraudulent misrepresentation, and unjust enrichment based on or relating to two real estate transactions. On June 25, 2008, plaintiffs filed a motion for leave to amend their complaint seeking to add two new defendants, correct the names of other defendants, and add additional allegations based on an alleged agency relationship between some defendants. (Doc. 16). On August 12, 2008, Nazir Memon, Mr. Axelrod, Tom Peta, Stacy Peta, and Allstates Financial of PA, Inc., ("the individual defendants") filed a

motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). (Doc. 21). On August 26, 2008, the court granted plaintiffs' motion for leave to amend their complaint. (Doc. 16). On August 28, 2008, plaintiffs filed their first amended complaint. (Doc. 26). With respect to the individual defendants, the allegations in plaintiffs' first amended complaint are identical to the allegations in plaintiffs' original complaint. On August 29, 2008, the individual defendants filed a motion to dismiss the first amended complaint again on the basis of Fed. R. Civ. P. 12(b)(2) and 12(b)(6). (Doc. 28). In plaintiffs' response memorandum to defendants' motion to dismiss, plaintiffs moved for leave to complete limited discovery as to jurisdiction. (Doc. 33). In an order issued on November 10, 2008, the court clarified that it was interpreting this document as both a response and a motion for leave to complete limited discovery. (Doc. 43). Therefore, the matters currently before the court are the individual defendants' motion to dismiss the first amended complaint (Doc. 28) and plaintiffs' motion for leave to complete limited discovery as to jurisdiction. (Doc. 33). For the reasons stated below, the court grants plaintiffs' motion for leave to complete limited discovery, and it declines to issue a ruling on defendants' motion to dismiss at this juncture.[1]

---

[1]The court reserves its ruling on defendants' motion to dismiss (Doc. 28) until the conclusion of jurisdictional discovery and the appropriate submissions are made or deadlines have passed, which are to be scheduled by the magistrate judge. The magistrate judge can now go forward with scheduling the jurisdictional discovery related to Penn Title's motion to dismiss on jurisdictional grounds (Doc. 10) as the court
(continued...)

**General Factual Background**

Plaintiffs' claims arise out of essentially two alleged transactions. According to plaintiffs' Complaint, defendant Nazir Memon (also plaintiff Shazia Memon's father) located a Holiday Inn Property at 7240 Shawnee Mission Parkway, Overland Park, Kansas ("Kansas Holiday Inn") that he indicated would be a good investment for Shazia Memon's family. Nazir Memon made various arrangements for the purchase of the hotel throughout Fall 2006 and Winter 2007. Shazia Memon attended the April 2006[2] closing on the purchase of the Kansas Holiday Inn, which took place at the Kansas Title Insurance Corporation. She and her husband, Mukhtiar Memon, executed the necessary documents and provided their signatures for the $320,000 loan and purchase of the Kansas Holiday Inn. After the closing, Shazia and Mukhtiar Memon returned to New

---

[1](...continued)
requested this discovery be delayed until the resolution of the motion to dismiss of Mr. Axelrod, Tom Peta, Stacy Peta, and Allstates Financial. The court is also aware that on November 7, 2008, defendant, First Eastern Land Transfer, Inc. ("First Eastern"), filed a motion to dismiss on Fed. R. Civ. P. 12(b)(2) and 12(b)(6) grounds (Doc. 41), adopting the arguments made by the individual defendants in their motion to dismiss. The response and reply deadlines for First Eastern's motion to dismiss should be re-set to coincide with the supplemental response and reply deadlines set by the magistrate judge. Finally, the court defers ruling on the various motions to dismiss for failure to state a claim, including Penn Title's motion to dismiss (Doc. 30), until after the supplemental response and reply deadlines associated with the jurisdictional discovery have passed.

[2] The closing occurred either on April 20, 2006 or April 30, 2006, as Plaintiffs' Amended Complaint states both dates, presumably one of them being a typographical error.

Jersey while Nazir Memon managed the hotel. Mukhtiar Memon moved to Kansas in August 2006, and Shazia Memon moved to Kansas in July 2007.

Plaintiffs claim that a different but allegedly related transaction that took place in June 2006 was unauthorized. Plaintiffs allege that without their knowledge, authorization, or approval, Nazir Memon and/or defendants Allstates, Mr. Axelrod, Stacy Peta, Tom Peta, Penn Title, First American, and First Eastern[3] used plaintiffs' financial and real estate legal description and information for their own financial gain. Specifically, they allege that defendants forged Shazia and Mukhtiar's signatures on loan documents, which resulted in a lien on their real property in New Jersey. The $300,000 in note proceeds obtained as a result allegedly was used by Nazir Memon as part of the purchase price for a Holiday Inn in Casper, Wyoming. In making these allegations, plaintiffs assert that all named defendants were involved in both the authorized April 2006 transaction and the unauthorized June 2006 transaction, and that the confidential information given for the April 2006 transaction was then used for the June 2006 mortgage and security agreement in violation of the April 2006 contract, representations, and promises that their information would be kept confidential and not used for other purposes.

## Discussion

In their response to defendants' motion to dismiss, plaintiffs move for leave to conduct limited discovery regarding personal jurisdiction. (Doc. 33). "'When a

---

[3]The last two defendants were added in the First Amended Complaint.

defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion.'" *Sizova v. Nat'l Institute of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (discussing subject matter jurisdiction but citing to *Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975), which discusses motion to dismiss for personal jurisdiction). "[A] refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant." *Sizova*, 282 F.3d 1326. "Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'" *Id.* (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

In its motion to dismiss for lack of personal jurisdiction, defendants point to the deficiencies in plaintiffs' amended complaint. Defendants are correct that plaintiffs make no showing that Mr. Axelrod, Tom Peta, Stacy Peta, or Allstates Financial are subject to the general jurisdiction of Kansas either in their complaint or otherwise. General jurisdiction only arises if a nonresident defendant's contacts with the forum state are "continuous and systematic" so that a "defendant could reasonably anticipate being haled into court in that forum." *Doe v. Nat'l Med. Servs.*, 974 F.2d 143 (10th Cir. 1992). For a court to have general jurisdiction over a defendant, the defendant must be conducting "substantial and continuous activity in the forum state." *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999). This test is congruous with the plain language of the Kansas long-arm statute, K.S.A. § 60-308(b)(2), which

states that jurisdiction is appropriate over "a cause of action which did not arise in this state if substantial, continuous and systematic contact with this state is established."

Currently, plaintiffs have failed to show that Mr. Axelrod, Tom Peta, Stacy Peta and Allstates Financial are subject to the general jurisdiction of Kansas. None of these defendants are Kansas corporations or Kansas domiciliaries. The defendants submitted affidavits that discuss their total lack of contacts with the state of Kansas. *See* Axelrod Aff. ¶ 5 ("I have never in my life set foot in the state of Kansas, do not own, use or possess any real estate within Kansas, and have never conducted any business within Kansas."); Tom Peta Aff. ¶ 6 ("I have never been to the state of Kansas, do not own, use, or possess any real estate within Kansas, and neither myself or Allstates have ever conducted any business within Kansas."); Stacy Peta Aff. ¶ 4 ("I have never been to the state of Kansas, do not own, use, or possess any real estate within Kansas, and have never conducted any business within Kansas."). In fact, in their complaint, first amended complaint, and response to defendants' motion to dismiss, plaintiffs do not directly address whether this court has general jurisdiction as to Mr. Axelrod, Tom Peta, Stacy Peta and Allstates Financial.

In their response to defendants' motion to dismiss, plaintiffs do question whether the defendants have conducted business in the state of Kansas. Plaintiffs dispute the accuracy of defendants' representations of a lack of business dealings in Kansas and question the "credibility" of the defendants' affidavits concerning their involvement with the forum state. (Doc. 33, at 7). In questioning Stacy Peta's implication that she has

6

never conducted Kansas business, plaintiffs point out that she "handled escrows, closed loans, and worked on the issuance of title insurance policies for loans to fund the purchase of Kansas real estate for the benefit of plaintiffs." (Doc. 33, at 7). *See also* Closing Statements produced to date by Tom Peta (exhibit N attached to Doc. 33); Shazia Memon Aff. (exhibit B attached to Doc. 33); Mukhtiar Memon Aff. (exhibit C attached to Doc. 33). Plaintiffs also find Tom Peta's affidavit misleading as they point out that Tom Peta and Allstates Financial brokered five, not three, loans for plaintiffs to fund plaintiffs' purchase of the Kansas Holiday Inn; they also emphasize that two of these loans were secured by Kansas real estate. *See* Shazia Memon Aff. (exhibit B attached to Doc. 33); Mukhtiar Memon Aff. (exhibit C attached to Doc. 33). In addition, Tom Peta failed to mention the 2005 financing for the acquisition of Nazia Memon's Days Inn or the 2007 refinancing of that property. While these additional contacts are insufficient to merit the granting of general jurisdiction over Mr. Axelrod, Tom Peta, Stacy Peta, and Allstates Financial, they are relevant in controverting the defendants' contentions that they have not transacted any business in Kansas. Defendants are careful to state they have never conducted business "within" the State of Kansas. However, jurisdiction "may not be avoided merely because the defendant did not physically enter the forum State . . . So long as a commercial actor's efforts are "purposefully directed" toward residents, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." *Dodson Int'l Parts, Inc. v. Altendorf*, 181 F. Supp. 2d 1248, 1253 (D. Kan. 2001) (citing *Burger King Corp. v. Rudzewicz*, 471

U.S. 462, 475 (1985)). Plaintiffs also continue to argue in their response to defendants' motion to dismiss that they "do not know enough at the present time about Mr. Axelrods's, Tom Peta's, Stacy Peta's and Allstates' . . . business operations to address this Court's possible general jurisdiction as to these defendants." (Doc. 33, at 38).

While defendants' contacts with Kansas as currently understood are insufficient for general jurisdiction, there is still the possibility of specific jurisdiction. Most of the allegations in the Amended Complaint relate to the unauthorized use of confidential information that was given by Plaintiffs for the April 2006 transactions for the Kansas Holiday Inn.[4] That acquisition involved Kansas real estate and a loan closing that was conducted in Kansas. Plaintiffs make three arguments for specific jurisdiction. First, plaintiffs argue that the court might have jurisdiction over these defendants based on specific jurisdiction "as all of these defendants have purposefully directed activities at the State of Kansas by orchestrating and participating in the Kansas Holiday Inn acquisition and financing." (Doc. 33, at 38). Second, plaintiffs argue that defendants have "'purposefully directed' activities at residents of the State of Kansas (i.e.,

---

[4] For example, in Count XI for "Breach of Contract" against all defendants, including Mr. Axelrod, Tom Peta, Stacy Peta, and Allstates Financial, plaintiffs allege that at the time of their discussion about and finalization of the acquisition of the Kansas Holiday Inn, defendants "agreed to NOT use plaintiffs' confidential asset and financial information for their own borrowing needs and personal financial benefit." (Am. Compl., Doc. 26, ¶ 97). In other words, plaintiffs allege that defendants breached the express and implied contracts associated with the purchase of the Kansas Holiday Inn. Plaintiffs argue that the result of the breach, misrepresentation, fraudulent actions, and other claims is shown by the June 2006 loan and mortgage, but that the related assurances to not use plaintiffs' confidential information in an unauthorized manner occurred during the April 2006 transaction.

plaintiffs), and injuries have resulted to plaintiffs as a result of these activities." (Doc. 33, at 38). Finally, plaintiffs argue that a co-conspirator's valid contacts to a forum "may be the basis for personal jurisdiction" for those other co-conspirators who have no such contacts. (Doc. 33, at 38-39).[5] Because the April 2006 transaction was for real property located in Kansas and for which the closing took place in Kansas, this shows that defendants through that April 2006 transaction may have had contacts with Kansas. Because plaintiffs' action arises out of and relates to that April 2006 transaction, it is possible that plaintiffs will be able to set forth a basis for specific jurisdiction.

In their reply memorandum in support of their motion to dismiss, defendants argue that jurisdictional discovery is "futile" because hundreds of pages of documents have already been informally produced by the defendants. However, according to plaintiffs, this informal discovery does not address the full scope of defendants' business activities as this discovery was limited to Mr. Axelrod's loan files for the Casper,

---

[5] Plaintiffs should be aware that "when the conspiracy and its overt acts are pleaded with particularity, 'a co-conspirator's contacts with the forum may be attributed to other conspirators for jurisdictional purposes,'" *Dodson Int'l Parts, Inc., v. Altendorf*, 181 F. Supp. 2d 1248, 1254 (D. Kan. 2001) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Kozeny*, 115 F. Supp. 2d 1231, 1237 (D. Colo. 2000); however, "mere allegations of conspiracy, without some sort of prima facie factual showing of conspiracy, cannot be the basis of personal jurisdiction of co-conspirators outside the territorial limits of the courts." *American Land Program, Inc. v. Bonaventura Uitgevers Maatschappij*, 710 F.2d 1449, 1454 (10th Cir. 1983). Therefore, it is insufficient to state that one of the alleged co-conspirators, Nazir Memon, was in Kansas for a time and "a portion of the conspiracy alleged by plaintiffs likely occurred" while Nazir Memon was in Kansas. (Doc. 33, at 39). Plaintiffs also merely state without support that "it would also appear likely that at least one overt act in furtherance of the conspiracy occurred in Kansas." (Doc. 33, at 39).

9

Wyoming and Kansas Holiday Inn loans and some documents and phone records from Tom Peta.

The court finds that based on these exhibits and the showing of controverted facts related to jurisdiction, plaintiffs should be allowed limited discovery regarding personal jurisdiction. *See Sizova*, 282 F.3d 1326; *cf.*, *e.g. First Magnus Fin. Corp. v. Star Equity Funding, L.L.C.*, 2007 WL 635312 (D. Kan. Feb. 27, 2007) (applying the *Sizova* standard and concluding "discovery is unwarranted because the pertinent facts bearing on the jurisdictional inquiry appear to be relatively undisputed.") Plaintiffs' claims of this court's personal jurisdiction over the individual defendants are not "clearly frivolous," and they have more than a "very low probability" of affecting the outcome of the case. *See, e.g.*, *Rich v. Kis California, Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988) ("When plaintiff can show that discovery is necessary in order to meet defendant's challenge to personal jurisdiction, a court should ordinarily permit discovery on that issue unless plaintiff's claim appears to be *clearly frivolous*." (emphasis added) (citing cases from the Third and Fifth Circuits); *see also and cf. Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1298-99 (10th Cir. 2004) (finding district court did not abuse its discretion in denying request for jurisdictional discovery where there was a "*very low probability*" that the denial affected the outcome of the case (emphasis added)); *see also generally Wilcox v. Precision Parachute Co.*, 685 F. Supp. 821 (D. Kan. 1988) (under the standard for a motion to dismiss, "[i]f affidavits [or other evidence considered] contradict each other, factual disputes are resolved in favor of plaintiff in

10

order that the prima facie showing will withstand the movant's arguments. Plaintiff is entitled to the benefit of any factual doubts." (citing *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984)). At the least, the exhibits raise ambiguities as to the extent of the individual defendants' involvement with each other and the other defendants and the two real estate transactions as set forth in the Amended Complaint. *Renner v. Lanard Toys, Ltd.*, 33 F.3d 277, 283 (3d Cir. 1994) (permitting jurisdictional discovery where conflicting evidence gave rise to ambiguity of jurisdictional facts: "It is evident that the record adduced by the [plaintiffs] at this time does not alone show the type of 'purposeful availment' by Lanard in Pennsylvania that would satisfy minimum contacts. On the other hand, the record is ambiguous."). Because "facts bearing on the question of jurisdiction are controverted [and] a more satisfactory showing of facts is necessary," this court exercises its broad discretion to allow plaintiffs discovery on the issue of personal jurisdiction. *See Sizova*, 282 F.3d at 1326; *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1386 (10th Cir. 1994) ("[D]iscovery rulings are within the broad discretion of the trial court."); *Renner*, 33 F.3d at 283 ("[N]umerous cases have sustained the right of plaintiffs to conduct discovery before the district court dismisses for lack of personal jurisdiction.").

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion for leave to complete limited discovery is granted. (Doc. 33). This matter is referred to the magistrate judge to schedule the jurisdictional discovery and set new supplemental

response and reply deadlines upon the completion of that discovery. The court reserves its ruling on defendants' motion to dismiss the first amended complaint (Doc. 28) until after the supplemental response and reply deadlines associated with the jurisdictional discovery have passed.

IT IS THEREFORE ORDERED BY THE COURT THAT the magistrate judge schedule the jurisdictional discovery related to Penn Title's motion to dismiss on jurisdictional grounds (Doc. 10) to coincide with the jurisdictional discovery set for the individual defendants in this case.

IT IS THEREFORE ORDERED BY THE COURT THAT the response and reply deadlines for First Eastern's motion to dismiss (Doc. 41) be set to coincide with the supplemental response and reply deadlines set by the magistrate judge. The court defers ruling on the various motions to dismiss for failure to state a claim, including Penn Title's motion to dismiss (Doc. 30), until after the supplemental response and reply deadlines associated with the jurisdictional discovery have passed.

IT IS SO ORDERED.


Dated this 13th day of November, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
